**JOHNSON FISTEL, LLP**
Frank J. Johnson (SBN 174882)
FrankJ@johnsonfistel.com
Bret M. Middleton (SBN 199427)
BrettM@johnsonfistel.com
Jonathan M. Scott (SBN 323322)
JonathanS@johnsonfistel.com
501 West Broadway, Suite 800
San Diego, California 92101
Telephone: (619) 230-0063

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

CURTIS SPATHIAS, derivatively on behalf of PAYPAL HOLDINGS, INC., a Delaware corporation,

Plaintiff,

v.

DANIEL SCHULMAN, JOHN RAINEY, JONATHON AUERBACH, LOUISE PENTLAND, ANN SARNOFF, RODNEY C. ADKINS, ALEX CHRISS, JONATHAN CHRISTODORO, CARMINE DISIBIO, SAVID W. DORMAN, ENRIQUE LORES, GAIL J. MCGOVERN, DEBORAH M. MESSEMER, DAVID M. MOFFETT, AND FRANK D. YEARY

Defendants,

-and-

PAYPAL HOLDINGS, INC., a Delaware corporation,

Nominal Defendant.

Case No. 5:25-cv-1007-NC

**STIPULATION AND [PROPOSED] ORDER REGARDING SERVICE OF COMPLAINT AND STAY OF ACTION**

WHEREAS, on January 31, 2025, Plaintiff Curtis Spathias ("Plaintiff") filed in this Court in the above-captioned action (the "Derivative Action") a "Verified Shareholder Derivative Complaint" (the "Complaint") purportedly on behalf of nominal defendant PayPal Holdings, Inc., ("PayPal" or the "Company"), in which Plaintiff asserts claims for breach of fiduciary duty and unjust enrichment against defendants Daniel Schulman, John Rainey, Jonathon Auerbach, Louise Pentland, Ann Sarnoff, Rodney C. Adkins, Alex Chriss, Jonathan Christodoro, Carmine DiSibio, David W. Dorman,[1] Enrique Lores, Gail J. McGovern, Deborah M. Messemer, David M. Moffett, and Frank D. Yeary, (collectively, the "Individual Defendants," and together with PayPal, the "Defendants"), and for insider trading, and for contribution under Sections 10(b) and 21D of the Securities Exchange Act of 1934 against certain of the Individual Defendants;

WHEREAS, the Derivative Action asserts factual allegations and claims related to the factual allegations and claims asserted in a securities class action lawsuit pending in the United States District Court for the District of New Jersey originally captioned *Defined Benefit Plan of the Mid-Jersey Trucking Industry and Teamsters Local 701 Pension and Annuity Fund v. PayPal Holdings, Inc., et al.*, Case No. 3:22-cv-5864 (RK) (JBD) (D.N.J.) (filed October 4, 2022) and later renamed *In re PayPal Holdings, Inc. Securities Litigation* (the "Securities Class Action" or "Action");

WHEREAS, on July 14, 2023, the defendants in the Securities Class Action—all of whom are also named defendants in the Derivative Action—filed a motion to dismiss the Securities Class Action, and on January 29, 2025, the court in that Action granted that motion and dismissed all the claims asserted in the Action without prejudice, Securities Class Action, ECF No. 86 ("Motion to Dismiss Order");

WHEREAS, under the Motion to Dismiss Order, the lead plaintiff in the Securities Class Action has until March 17, 2025, to file an amended complaint, and the parties in the Derivative Action ("Parties") expect that the defendants in the Securities Class Action will file a motion to dismiss the lead plaintiff's amended complaint, if any;

---

[1] Due to a typographical error, David W. Dorman is incorrectly referred to in the Complaint as "Savid W. Dorman."

WHEREAS, based on the overlapping parties and related claims and factual allegations contained in the Securities Class Action and this Derivative Action, and in the interests of judicial economy and conserving the resources of the Parties and the Court, the Parties agree that this Derivative Action should be stayed pending the resolution of any further motion to dismiss filed in the Securities Class Action, in accordance with the terms set forth below;

WHEREAS, the Parties have agreed that the stay of this Action shall pause all proceedings and toll all deadlines in this Derivative Action, and during the pendency of the stay of this Action, Defendants shall not be required to file motions to dismiss, answer or otherwise respond to any complaint or any amended complaint previously or subsequently filed in the Derivative Action; and

WHEREAS, the Parties, by and through their counsel, have met and conferred and, for the convenience of the Parties and the Court, hereby enter into the following stipulation, subject to the Court's approval;

**NOW, THEREFORE, IT IS THEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for the Parties, that:

1. Undersigned counsel for Defendants is authorized to waive, and hereby does waive as of the date hereof, service of the complaint on behalf of Defendants, without prejudice and without waiver of any of Defendants' defenses, objections, or arguments in this matter, except as to sufficiency of service of process.

2. Except as provided below, all proceedings, including any motions practice, obligation to respond to the complaints and any amended complaint in this Derivative Action are hereby stayed and shall remain stayed up until and including the earlier of (i) March 17, 2025, if the lead plaintiff in the Securities Class Action does not file an amended complaint by that date, or (ii) the date on which the court in the Securities Class Action issues a ruling on any motion filed by the defendants in that Action to dismiss the lead plaintiff's amended complaint (if any). The Parties shall meet and confer and submit a proposed scheduling order within thirty (30) days following the lifting of the stay, and all deadlines in the Derivative Action shall remain tolled and all hearings and other proceedings shall remain paused pending the issuance by this Court of a scheduling order.

3. Notwithstanding the foregoing Paragraph 2, the stay of proceedings in this

Derivative Action may be earlier lifted: (i) at any time, if the Parties file a written stipulation with the Court indicating the Parties' agreement to lift the stay; or (ii) after thirty (30) days' written notice via email from Plaintiff's counsel to the undersigned counsel for Defendants; or (iii) after thirty (30) days' written notice via email from Defendants' counsel to the undersigned counsel for Plaintiff.

4. Defendants shall notify Plaintiff should they become aware of any related stockholder derivative lawsuits (a "Related Derivative Action").

5. Defendants shall notify Plaintiff if a Related Derivative Action is not stayed for a similar or longer duration than the stay of this Derivative Action. After the stay of the Derivative Action is lifted, Defendants will not move to stay the Derivative Action in deference to any Related Derivative Action.

6. Defendants shall invite Plaintiff to participate in any mediation or formal settlement talks with the lead plaintiff(s) in the Securities Class Action or any purported plaintiff in any Related Derivative Action. Plaintiff's ability to attend and participate in any mediation or formal settlement talks is contingent on their prior agreement to be bound by any confidentiality agreement or stipulation governing such mediation or formal settlement talks. In the event lead plaintiff(s) in the Securities Class Action or any plaintiff in any Related Derivative Action objects to Plaintiff's participation or attendance, Defendants shall mediate in good faith with Plaintiff at about the same time separately and with the same mediator, if there is one.

7. During the pendency of the stay provided for in Paragraph 2, and subject to the prior execution of an appropriate confidentiality agreement or protective order, Defendants shall produce to Plaintiff copies of any documents, written discovery, and deposition transcripts that Defendants have produced, or otherwise provided (including in connection with any pre-suit books-and-records inspection demand relevant to the allegations in this Derivative Action), to counsel for any plaintiff(s) in the Securities Class Action or any Related Derivative Action, or to any PayPal stockholder who made a pre-suit books and records inspection demand regarding the same allegations made in this Derivative Action. Plaintiff hereby agrees that all such documents, written discovery, and deposition transcripts provided pursuant to this Paragraph shall be deemed incorporated by reference into any future amended or consolidated complaint in this Derivative

Action if Plaintiff uses or references any such documents, written discovery, and deposition transcripts in such a future complaint, and Plaintiff shall not make any argument to the contrary in any motion or otherwise.

8. Notwithstanding the stay of proceedings in this Derivative Action, Plaintiff may file an amended complaint during the stay, although Defendants shall be under no obligation to move, answer, plead, or otherwise respond to the amended complaint during the pendency of the stay.

9. By entering into this Stipulation, the parties reserve all of their respective rights, claims, and defenses in this Derivative Action, and no part of this Stipulation shall be construed as a waiver of any available rights, claims or defenses, except as to the sufficiency of service of process as provided in Paragraph 1.

10. Defendants expressly reserve the right to make all arguments concerning enforcing the Company's forum selection provision set forth in Article X of PayPal's Restated Certificate of Incorporation dated July 20, 2017, and Plaintiff reserves the right to oppose the same.

**IT IS SO STIPULATED.**

DATED: February 28, 2025

**JOHNSON FISTEL, LLP**

*/s/ Brett M. Middleton*

Brett M. Middleton
Frank J. Johnson
Jonathan M. Scott
501 West Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 230-0063
BrettM@johnsonfistel.com
FrankJ@johnsonfistel.com
JonathanS@johnsonfistel.com

*Counsel for Plaintiff*

**ALLEN OVERY SHEARMAN STERLING US LLP**

*/s/ Daniel H.R. Laguardia*

Daniel H.R. Laguardia (SBN 314654)
140 New Montgomery St., 10th Floor
San Francisco, CA 94105
Telephone: (415) 796-4160
Email: Daniel.Laguardia@aoshearman.com

*Counsel for Defendants*

**SIGNATURE ATTESTATION**

I, Brett M. Middleton, am the ECF User whose identification and password are being used to file the foregoing Stipulation and [Proposed] Order. Pursuant to Civil Local Rule 5-1(i), I hereby attest that the other signatories have concurred in this filing.

Dated: February 28, 2025 By: *Brett M. Middleton*

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:

________________________________________

The Honorable Beth Labson Freeman

United States District Judge